UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JASON L. STUBBS,<br>      Plaintiff, | Case No. 1:17-cv-721 |
| vs | Dlott, J.<br>Bowman, M.J. |
| PAUL BRYANT, *et al.*,<br>      Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Warren Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 against defendants Paul Bryant and inmate Ivon Scarville. (*See* Doc. 1, at PageID 1, 4-6).

Plaintiff filed his complaint on October 26, 2017, without paying the filing fee or filing a motion for leave to proceed *in forma pauperis*. (Doc. 1). On November 3, 2017, the undersigned issued a Deficiency Order, requiring plaintiff to pay the full $400 filing fee or submit to the Court a completed *in forma pauperis* application and affidavit to proceed without prepayment of fees and a certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 2). Plaintiff did not respond to the Deficiency Order within thirty days. On December 8, 2017, the undersigned issued a Report and Recommendation recommending that this matter be dismissed for lack of prosecution. (Doc. 3).

On December 20, 2017, plaintiff filed an objection to the Report and Recommendation, stating that he had not received the requested *in forma pauperis* documents. (*See* Doc. 4). For good cause shown, the Court's December 8, 2017, Report and Recommendation (Doc. 3) is hereby **WITHDRAWN**. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Plaintiff has also filed a miscellaneous, untitled document that the Clerk of Court has appropriately docketed as a notice (Doc. 8).

## Screening of Plaintiff's Complaint (Doc. 1)

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d

2

468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

3

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that, during the time of his intake interview, he requested protective control. (Doc. 1, at pageID 5). He alleges, however, that a deputy sheriff escorted him to a unit where he was attacked by his cellmate, defendant Scarville. (*Id.*). According to plaintiff, Scarville had "started a[n] investigation on [plaintiff] in regards to [Scarville's] friend Ms. Carol Cummings whom [plaintiff] accidentally shot." (*Id.*). Plaintiff claims that Scarville asked plaintiff "how [he] did it and why." (*Id.*) Plaintiff claims that he told Scarville "it was none of his concern" and Scarville "violently struck [plaintiff's] face breaking [his] jaw in four separated [sic] places." (*Id.*) Plaintiff alleges that defendant Bryant "had knowledge[] of this situation, and he failed to protect [plaintiff]." (*Id.*).

For relief, plaintiff seeks monetary damages and injunctive relief in the form of a transfer to his "RTU Institution in Madison." (Doc. 1, at PageID 6).

**C.     Analysis of the Complaint**

Liberally construed, plaintiff has stated an Eighth Amendment failure to protect claim against defendant Bryant. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, the remainder of plaintiff's complaint should be dismissed.

First, plaintiff's claims against Bryant in his official capacity must be dismissed to the extent that plaintiff seeks monetary damages. An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v.*

4

*Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, Bryant in his official capacity is immune from suit to the extent that plaintiff seeks monetary damages.

Plaintiff's claims should also be dismissed against Bryant to the extent plaintiff seeks to sue Bryant under a *respondeat superior* theory. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g.*, *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, plaintiff's claims should be dismissed against Bryant to the extent plaintiff seeks to hold Bryant liable under a *respondeat superior* theory.

Plaintiff's claims against inmate Scarville should also be dismissed. In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendant acted under color of state law and that the defendant's conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986)

(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege any facts showing that defendant Scarville acted under color of state law.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment failure-to-protect claim against defendant Bryant. Having found that plaintiff has failed to state a claim upon which relief may be granted with respect to defendant Scarville, the only remaining defendant, plaintiff's complaint should be dismissed in all other regards.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment failure-to-protect claim against Bryant.

## IT IS THEREFORE ORDERED THAT:

1. The Report and Recommendation issued on December 8, 2017 (Doc. 3), recommending that this matter be dismissed for lack of prosecution, is **VACATED.**

2. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Bryant.

3. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to s or defendant's counsel. Any paper received by a district judge or magistrate judge which has

not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    4. To the extent that plaintiff has filed a miscellaneous, untitled document (Doc. 8), which the Clerk of Court has appropriately docketed as a notice, this Court notes that the document is without a caption and does not otherwise conform to the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 7(b) (stating that "[a] request for a court order must be made by motion . . . be in writing . . . state with particularity the grounds for seeking the order; and . . . state the relief sought"); Fed. R. Civ. P. 10(a) (setting forth the form for pleadings and requiring "[e]very pleading" to have "a caption"). Thus, no further action as to document 8 is required.

    5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON L. STUBBS,　　　　　　　　　　　　Case No. 1:17-cv-721
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　Dlott, J.
　　vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

PAUL BRYANT, *et al.*,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).