# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JASON L. STUBBS,<br>      Plaintiff, | Case No. 1:17-cv-721 |
| vs | Dlott, J.<br>Bowman, M.J. |
| PAUL BRYANT, et al.,<br>      Defendants. | **ORDER** |

Plaintiff, a prisoner currently incarcerated at the Warren Correctional Institution, has filed a motion regarding filing fee deductions taken from his prisoner account. (Doc. 20). Plaintiff claims that $36.30 was improperly deducted from his account. Plaintiff does not seek any specific relief by way of his motion, other than seeking an explanation of the withdrawal of his funds.

Plaintiff has filed and been granted leave to proceed *in forma pauperis* in two cases in this Court.[1] With respect to filing fees, this Court's authority is constrained by the PLRA, which modified the statute governing federal *in forma pauperis* civil complaints brought by prisoners "in hopes of deterring prisoners (whom Congress determined to be a particularly litigious group) from filing frivolous lawsuits and potentially wasting the courts' very limited resources" by making those unable to pay the full filing fee upfront ultimately "bear the cost of the full amount" of that fee by way of monthly installment payments from their prison accounts. *See Ippolito v. Buss*, 293 F. Supp.2d 881, 882–83 & nn.2–3 (N.D. Ind. 2003) (and authorities cited therein); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).[2] Under the

---

[1] In addition to this case, plaintiff was also granted leave to proceed *in forma pauperis* in Case No. 1:17-cv-813.

[2] It is noted that *McGore* has been overruled in part on other grounds by the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), and the Sixth Circuit in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). The citations to *McGore* that are contained in this Order are proper because they do not pertain to the issues addressed in either *Jones* or *LaFountain*.

PLRA, the moment a prisoner files his complaint with the Court, he becomes "responsible for the filing fee" and "waive[s] any objection to the withdrawal of funds from his trust fund account to pay court fees and costs." *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014); *see also McGore*, 114 F.3d at 605 ("by filing the complaint . . ., the prisoner waives any objection to the fee assessment by the district court" and "to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs").

28 U.S.C. § 1915(b)(2) provides in pertinent part:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The PLRA contains no language suggesting that the courts have authority or any discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in that statutory provision. *Cf. Ippolito*, 293 F. Supp.2d at 883 ("there is nothing [in § 1915(b)(2)] suggesting that the court may depart from the explicit language of the statute [or] that a prisoner may deviate from the payment schedule").

As noted in the January 16, 2018 Order granting petitioner *in forma pauperis* status in this case (Doc. 9), after paying an initial partial filing fee, plaintiff "is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee." 28 U.S.C. § 1915(b)(2). To date, in this case, plaintiff has made four payments totaling $82.54, including the most recent payment of $36.30 received by the Court on May 10, 2018.[3]

The Clerk of Court is **DIRECTED** to provide plaintiff with a copy of receipts of

---

[3] Plaintiff has filed an identical motion in Case No. 1:17-cv-813, in which he also was granted *in forma pauperis* status. The Court has not received any payments from plaintiff with regard to the filing fee in that case.

payments received by the Court.  The Clerk of Court is further **DIRECTED** to send a copy of this Order to the institutional cashier.

Plaintiff's motion (Doc. 20) is otherwise **DENIED.**

**IT IS SO ORDERED.**

                                                     *s/ Stephanie K. Bowman*
                                                     Stephanie K. Bowman
                                                     United States Magistrate Judge