UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JASON STUBBS, | Case No. 1:17-cv-721 |
| Plaintiff, | |
| | Dlott, J. |
| vs | Bowman, M.J. |
| PAUL BRYANT, *et al.,* | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the Warren Correctional Institution, filed this pro se civil action against defendants Deputy Paul Bryant and inmate Ivon Scarville. (Doc. 1). This matter is now before the Court on Defendant Paul Bryant's motion for judgment on the pleadings (Doc. 21) and the parties responsive memoranda (Docs. 25, 26).

**I. Background and Facts**

On October 26, 2017, Plaintiff, an inmate in the Warren Correctional Institution, filed this pro se civil action against Defendants Deputy Paul Bryant and inmate Ivon Scarville. (Doc. 1). On January 16, 2018, this Court dismissed all of Plaintiff's claims against defendants Deputy Bryant and inmate Scarville, "with the exception of plaintiff's Eighth Amendment failure-to protect claim against Bryant." (Doc. 10, Order and Report and Recommendation, at Page ID 120).

Plaintiff alleges that he requested protective control during his intake interview. (Doc. 1 at PageID 5). Plaintiff alleges a deputy sheriff escorted him to a unit where he was attacked by Scarville, Plaintiff's cellmate. (*Id.*). Plaintiff alleges that Scarville asked Plaintiff questions regarding a shooting Plaintiff was involved in and Plaintiff responded

1

by telling him "it was none of his concern." (*Id.*). Plaintiff alleges that Scarville then "violently struck [Plaintiff's] face breaking [his] jaw in four [separate] places." *(Id.*). Plaintiff alleges that Defendant Bryant "had [knowledge] of this situation, and [defendant Bryant] failed to protect [Plaintiff]." (*Id.*). Plaintiff also claims that "I've been complaining about my broken jaw hurting for the last 5 years" and "my problem started happend [sic] in the [sic] 8.4.13." (Doc.1 at Page ID 8.)

It appears from the complaint that this incident occurred on or about August 4, 2013, more than four years before Plaintiff filed this instant action. Namely, Plaintiff appears to allege that Defendant Bryant failed to protect him – "8.4.13," or about "5 years" ago. (Id.) Plaintiff's complaint is regarding his "broken jaw," which he has been complaining about "hurting for the last five years." His "problem started happened [sic] in the 8.4.13." As such, Defendants contend that this matter should be dismiss as a matter of law as untimely. The undersigned agrees.

**II. Defendants motion for Judgment on the Pleadings is well-taken**

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In ruling on a motion for judgment on the pleadings, the court must accept all the factual allegations in the complaint as true*. United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*, citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th

Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice ... to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to Bivens actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).

Here, Plaintiff's claims are governed by the two-year statute of limitations because it was a § 1983 civil rights action arising out of events that occurred in Ohio. Plaintiff's complaint was filed on October 26, 2017. Therefore, any events alleged to have occurred before October 26, 2015, are untimely. As noted above, Plaintiff claims Defendant Bryant failed to protect him – "8.4.13," or about "5 years" ago. (Id.) Plaintiff's complaint is regarding his "broken jaw," which he has been complaining about "hurting for the last five years." His "problem started happened [sic] in the 8.4.13." Accordingly, Plaintiff's Eighth Amendment failure-to-protect claim against Defendants should be dismissed as untimely because it is outside the two-year statute of limitations period.

**III. Conclusion**

For these reasons, is therefore **RECOMMENDED** that Defendants' motion for judgment on the pleadings (Doc. 21) be **GRANTED**, all pending motions (Doc. 17) be **DENIED as MOOT** and this case be **CLOSED.**

                                                 *s/*Stephanie K. Bowman
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JASON STUBBS,

    Plaintiff,

vs

PAUL BRYANT, *et al.,*

    Defendants.

Case No. 1:17-cv-721

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).